VIVES, PETITIONER AND APPELLANT, *v.* BOARD OF PHARMACY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in Mandamus Proceedings.

No. 1504.—Decided December 21, 1916.

PHARMACY—BOARD OF PHARMACY—LICENSE TO PRACTICE—EXAMINATION.—An applicant for a license as pharmacist does not acquire any right of ownership of the certificate which authorizes him to practice the profession in this Island by the fact of having been examined and passed by the Board of Pharmacy in all the subjects required by law, if at the time he was enrolled he did not hold a diploma or document showing that he had passed an examination embracing all the scientific and literary subjects of the course at some high school of the Island or at some reputed similar or analogous institution of the United States or elsewhere, as required by law. At any time before issuing the certificate the board may correct its own errors and render its final decision in strict compliance with the law.

The facts are stated in the opinion.

*Messrs. Rafael López Antongiorgi* and *Rafael Guillermety* for the appellant.

*Messrs. Howard L. Kern,* Attorney General, and *Earle T. Fiddler* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal in a mandamus proceeding. Jaime Vives, a citizen of Porto Rico and resident of San Juan, filed a petition in the district court alleging that about the month of September, 1913, he concluded his studies in pharmacy and successfully passed an examination before the defendant board in all the subjects required by law; that in January, 1915, he was officially notified in writing by the president of the board to call for his license, and that upon doing so in February, 1916, the board refused to deliver it to him, thus depriving the petitioner of a property right acquired under the law.

Answering the petition, the board admitted that the petitioner successfully passed the examination and was notified to call for his license, but alleged that its reason for refusing to deliver it was that the petitioner had not passed an examination embracing all the scientific and literary subjects of the course at some high school of the Island or at some similar institution of the United States, or elsewhere, either at the time he began the study of pharmacy or at any time thereafter. The petitioner admitted that he did not possess such qualifications, but contended that notwithstanding this fact, as he had taken the examination and been passed by the board and notified by it in the manner stated, he had acquired a right to the license and the board could not deprive him of it without violating the law.

The district court dismissed the petition and the petitioner appealed to this court, where the case was argued at length.

The question is not a new one. In the case of *Monclova*

v. *Board of Pharmacy, ante* p. 42, this court carefully considered the law and laid down the following doctrine:

"Section 7 of the Act of March 8, 1906, providing for the creation of a board of pharmacy, as amended by Act No. 42 of March 10, 1910, prescribes that all applicants for examination in pharmacy shall present, in order to be enrolled, diplomas or documents showing that they have successfully passed examinations embracing all the scientific and literary subjects of the course at some high school of the Island or at some reputed similar or analogous institution of the United States or elsewhere, satisfactory to the board.

"The Board of Pharmacy exceeds its authority in admitting to examination an applicant who has not presented the diploma or document referred to in section 7 of the Act, and acts correctly in refusing to rate the examinations taken by a petitioner who has not complied with the said requisite, even though he has paid the matriculation fee.

"It was the intention of the legislators to require candidates for licenses as pharmacists to have certain knowledge before beginning the studies provided for in section 6 of the Act and that such knowledge should be acquired prior to, and not simultaneously with, that referred to in the said section; therefore, conditional enrollment cannot be permitted." (Syllabi.)

We have only to apply the foregoing jurisprudence to the facts in this case in order to conclude that the judgment appealed from should be affirmed.

The plaintiff acquired no property right to the license, for he never complied with all the statutory requirements. And at any time prior to the issuance of the certificate the board could rectify its own errors and render its final decision in strict accordance with the law. As said by the distinguished trial court, "the position now taken by the board does not harmonize with that previously assumed. We do not know whether there is any justification for this rectification of the proceedings, but the fact that the defendant may have previously committed certain irregularities in open opposition to the provisions of the law cannot oblige the courts to accept. and sanction such irregularities just at a

time when the Board of Pharmacy, turning on its tracks, is endeavoring to rectify the error and enforce the statutory provisions. In cases of this kind, which seriously affect the public interest, it is not possible to apply the principle of law that no one may go against his own acts. This principle may be applied always to the civil relations existing among citizens, but never to the relations between a citizen and the State when a question of public interest tending to protect the rights of the community is involved. Every citizen is supposed to know the law and neither the Board of Pharmacy nor the applicant for enrollment can plead ignorance of the Act regulating and fixing the formalities which should be complied with in order to obtain such enrollment. It would appear from the petitioner's brief that he assumes the role of a victim who, without good reason, is denied a property right by the Board of Pharmacy. We understand that if there was an irregularity in admitting the petitioner to examination, the Board of Pharmacy was as much to blame as petitioner Jaime Vives. The latter invokes the rules of equity, forgetting that he who would avail himself of equity must come into court with absolutely clean hands. Are the hands of the petitioner clean? Then no grounds exist for this action, since the defendant board is willing to issue a certificate authorizing him to practice as a pharmacist when he presents satisfactory proof that he has successfully passed the high-school course prescribed by law, and that he was duly and lawfully enrolled."

The appeal must be dismissed and the judgment appealed from

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.